IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:  1:12-CV-02320-CMA-CBS

KATHRYN MCKELLAR, an individual and surviving heir

    Plaintiff,

v.

VENTANA APARTMENTS, LLC
VENTANA- DENVER, LLC
GREP SOUTHWEST, LLC-DBA GREYSTAR

    Defendant.

## PROTECTIVE ORDER

Each Party and each Counsel of Record and the Denver Police Department ("DPD"), by its attorneys, have stipulated and moved the Court for a Protective Order concerning the treatment of DPD records responsive to the Plaintiff's subpoena duces tecum ("SDT") dated March, 27, 2013, and, therefore:

**IT IS ORDERED:**

    1.    Access to any documents released to the parties pursuant to the SDT is restricted to:

        a.  attorneys actively working on this case;

    b. persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    c. the parties, including designated representatives for Defendant and Defendants' insurers;

    d. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

    e. the Court and its employees ("Court Personnel");

    f. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; and

    g. deponents or witnesses during the course of any examination.

2. No copies of the documents released pursuant to the SDT shall be made except by or on behalf of counsel of record for work product purposes, including for review by retained experts in this case. Any such copies shall be made and used solely for purposes of this litigation.

3. Upon termination of this litigation, including any appeals, all copies made of the documents released pursuant to the SDT shall be destroyed in accordance with each party's internal destruction policy. In any event, all copies shall be destroyed no later than seven (7) years after the termination of this litigation, including appeals.

4. All documents released to the parties pursuant to the SDT shall be labeled "Confidential."

5. The information contained in the documents released in response to the SDT shall be used solely for the purpose of this litigation and shall not be released or disclosed otherwise.

6. The Court shall retain continuing jurisdiction for purposes of enforcing compliance with the Protective Order issued in this case, and any violation of the Protective Order may subject the offending party to court sanctions.

7. It shall be the responsibility of counsel of record to ensure that the parties granted access to the documents under paragraph three be apprised of the Protective Order in this case. It shall also be the responsibility of counsel of record to ensure that all parties granted access to the documents under paragraph three understand the terms of said Order prior to any disclosure of the documents or information contained in the files to be produced.

8. Plaintiff shall pay all costs associated with photocopying and producing any records pursuant to the SDT as detailed on the invoice provided to the Plaintiff by DPD.

9. Prior to providing the documents to counsel of record, DPD shall be permitted leave to review and redact any personal confidential information, such as social security numbers, victim information, telephone numbers, home addresses, juvenile information, information protected by HIPAA, and information pertaining to sexual assault victims.

DATED this __14th__ day of __May_____, 2013.

BY THE COURT:

_____
~~U.S. District Court Judge~~
Craig B. Shaffer
United States Magistrate Judge